IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNY LYNN WARREN,

    Petitioner,                        No. CIV S-10-2120 MCE EFB P

    vs.

DOMINGO URIBE, JR.,

    Respondent.                     ORDER

_____/

       Petitioner, a state prisoner without counsel, seeks a writ of habeas corpus. *See* 28 U.S.C. § 2254. Respondent moves to dismiss the petition, filed on August 20, 2010, as untimely. Petitioner opposes, asserting that he is entitled to statutory and equitable tolling of the statute of limitations. For the reasons explained below, the court grants petitioner leave to file a declaration setting out more detailed facts to support his equitable tolling argument.

**I.    Procedural History**

       Petitioner was convicted of two counts of assault on a peace officer with a semiautomatic weapon while personally discharging a firearm, one court of false imprisonment by violence while personally using a firearm, one count of child endangerment, and one count of possession of a controlled substance. Lodg. Doc. 2. He was sentenced to 44 years 8 months in prison. *Id.*

////

1

On July 16, 2008, the California Court of Appeal, Third Appellate District, affirmed the judgment. *Id.* Petitioner's request for review in the California Supreme Court was denied on October 22, 2008. Lodg. Doc. 4.

On December 27, 2009,[1] petitioner filed a habeas petition in the California Supreme Court, which was denied on July 14, 2010 with a citation to *In re Robbins*, 18 Cal.4th 770, 780 (1998). Lodg. Doc. 6. The instant petition was filed on July 29, 2010. Dckt. No. 1.

**II.      Statute of Limitations**

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review, or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

**A.      Statutory Tolling**

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a

---

[1] The court deems the filing dates of petitioner's habeas petitions to be the dates on the certificate of service for the petitions. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

2

higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### B.     Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks & citations omitted).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

### III.    Analysis

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on October 22, 2008. Lodg. Doc. 4. The conviction became "final" within the meaning of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on January 20, 2009. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until January 21, 2010 to file his federal habeas petition. However, he did not file the instant petition until July 29, 2010. Absent tolling, his application in this court is more than six months late.

Petitioner argues that he is entitled to statutory tolling for the time that his state habeas petition was pending before the California Supreme Court. As noted above, a properly filed state habeas petition tolls the statute of limitations for the entire time that petition is pending. 28 U.S.C. § 2244(d)(2). Here, the California Supreme Court petition was not properly filed because

the state court's citation to *In re Robbins* indicates that the petition was untimely under state law. *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (a petition denied as untimely is not properly filed and cannot toll the limitations period); *Lakey v. Hickman*, 633 F.3d 782, 785-86 (9th Cir. 2011) ("statutory tolling is unavailable where a state habeas petition is deemed untimely under California's timeliness standards") (internals quotations and citations omitted); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (a California court's citation to *Robbins*, 18 Cal. 4th at 780, is a "clear ruling" of untimeliness).

Petitioner further argues that his trial was infected by constitutional error of such magnitude that, absent the error, no reasonable judge or jury would have convicted him, and that he is actually innocent of the crime of which he was convicted. Therefore, he contends that the California court misapplied California law in not entertaining his petition on the merits. *See* Dckt. No. 18 at 2 (citing *In re Robbins*, 18 Cal. 4th at 770). But the United States Supreme Court has made it clear that "[w]hen a postconviction [habeas] petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *White v. Martel*, 601 F.3d 882, 883-84 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. at 414). Petitioner is not entitled to statutory tolling of the statute of limitations.

Petitioner also argues that he is entitled to equitable tolling of the limitations period. First, he claims that he was delayed in filing his state habeas petition because he was seeking facts to support his ineffective assistance of counsel claims. Petitioner claims that he wrote letters, called, and sought discovery from his trial and appellate counsel, all to no avail. He then filed a motion in the Butte County Superior Court asking for discovery regarding his trial counsel's acts or omissions, as well as a habeas petition in the California Supreme Courts asking for the same relief.

Petitioner further argues that he had inadequate law library access. His institution allowed law library access for two hours, one day a week. If an inmate had an "approved court deadline," the inmate was allowed access for two hours, two days a week, for the last 30 days

4

before the deadline.  Due to lock downs, the law library was frequently restricted to "approved court deadline" users only.  Finally, he was not allowed access to the law library on the days that he worked.  Petitioner alleges that "during the six-month period prior to the expiration of the limitations period, he was completely denied any library access, or only two hours."  He further alleges that the "tools and materials" he needed to file his petition were not available outside of the law library.

As explained above, a petitioner is entitled to equitable tolling only if he has been pursuing his rights diligently, and some extraordinary circumstance stood in his way and caused the untimeliness.  *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  In analyzing whether a petitioner has met this burden, the court views the facts alleged in the petition and facts supported by petitioner's other documentary submissions in the light most favorable to petitioner.  *Porter v. Ollison*, 620 F.3d 952, 956 n.4 (9th Cir. 2010).

First, it does not appear that the difficulties petitioner had in obtaining evidence regarding his trial counsel's ineffective assistance prevented him from timely filing the instant petition.  This is so because the ineffective assistance of counsel claims that are contained in the petition are not based on evidence outside of the trial record.  *See* Pet. at 43-73  (raising ineffective assistance of counsel claims based on counsel's failure to cross examine or impeach officers on numerous key issues; counsel's failure to investigate, to consult and use a ballistics expert, and to prepare a defense; counsel's failure to object to improper considerations in determining petitioner's sentence; and appellate counsel's failure to raise ineffective assistance of trial counsel on direct appeal, but providing no evidence from outside of the record regarding counsel's conduct in support of these claims, and stating "counsel provided no explanation for his acts and omissions").  It appears that petitioner was unsuccessful in his efforts to discover why counsel took or did not take certain actions, and that he therefore ultimately and necessarily wrote his federal petition without the benefit of this information.  The court acknowledges petitioner's attempts to gather evidence in order to craft stronger arguments.  However, the issue

5

is the timing for filing the petition itself and although petitioner may have been waiting to file his petition until he received additional information to bolster his claims, it was possible for him to file earlier the petition that he eventually *did* file. Petitioner's decision to wait to file his petition while he was seeking additional evidence was, unfortunately, a poor tactical decision, rather than the sort of external circumstance that might entitle him to equitable tolling.

Lack of access to a law library or legal materials may, under some circumstances, entitle a petitioner to equitable tolling. *See*, *e.g.*, *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (petitioner may have been entitled to equitable tolling where law library did not have a copy of the AEDPA statute). However, limited access to a law library certainly does not automatically entitle a petitioner to equitable tolling. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009) (petitioner not entitled to equitable tolling simply because he remained in administrative segregation and had limited access to law library and copy machine). As noted above, petitioner is only entitled to equitable tolling if the lack of access to the law library made it impossible to timely file his petition. The determination of whether equitable tolling should be granted is highly fact-dependent. *Id.*

As noted above, petitioner has alleged that "during the six-month period prior to the expiration of the limitations period, he was completely denied any library access, or only two hours," and that the "tools and materials" he needed to file his petition were not available outside of the law library. These allegations are contradictory and confusing. The allegation of complete denial is contradicted by the assertion of "only two hours." Moreover, it is not clear how many weeks of the six-month period petitioner was allegedly denied law library access and how many weeks he received two hours of access. Furthermore, petitioner has not explicitly alleged that the limited access to the law library made it impossible to timely file his federal petition, and if so, how the prevented the filing of the petition prior to the expiration of the limitations period. Nonetheless, the court is mindful that prisoner pro se pleadings are given the benefit of liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) ("A

document filed pro se is to be liberally construed"). While "pro se status alone is not enough to warrant equitable tolling, it informs and colors the lens through which the court views the filings." *Roy v. Lampert*, 465 F.3d 964 (9th Cir. 2006). *See also Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) ("This court recognizes that it has a duty to ensure that pro se litigators do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements.").

Petitioner has yet to clearly articulate how his lack of access to the law library prevented him from timely filing his petition. Accordingly, petitioner is granted 14 days from the date of this order to file a declaration explaining in detail, to the best of his ability, whether the lack of access to the law library made it impossible to timely file his petition and, if so, why. Petitioner is cautioned that his declaration must include specific details explaining, for example, how many days he was allowed access to the law library during the relevant time periods, and for how many hours; how he spent his time while he was in the law library and why that work could not be performed elsewhere such as in his cell; what efforts he made to gain additional or special law library access, if any; and what efforts he made to work on his petition outside of the law library.

**IV.  Conclusion**

For the reasons explained above, it is hereby ORDERED that:

1. Within 14 days of the date of this order, petitioner may submit a declaration explaining in detail the facts that form the basis of his request for equitable tolling.

2. Within 7 days of the filing of petitioner's declaration, respondent may submit a supplemental brief addressing any new facts presented by petitioner.

3. If petitioner does not submit a declaration, the court will issue findings and recommendations based on the existing record.

Dated: July 12, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

7