IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNY LYNN WARREN,

    Petitioner,                        No. CIV S-10-2120 MCE EFB P

    vs.

DOMINGO URIBE, JR.                ORDER and

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

    Petitioner is a state prisoner without counsel seeking a writ of habeas corpus. *See* 28 U.S.C. § 2254.  Respondent moves to dismiss the August 10, 2010 petition as untimely.[1] Petitioner opposes, asserting that he is entitled to statutory and equitable tolling of the statute of limitations.

    On July 12, 2011, the court issued an order allowing petitioner to submit a declaration explaining in detail the facts forming the basis of his request for equitable tolling.[2]  Petitioner submitted the following documents:  a letter on July 27, a declaration on July 28, and a "Motion

////

---

[1] The court's previous order erroneously stated that the petition was filed on August 20.

[2] For the sake of clarity and completeness, portions of these findings and recommendations are identical to the court's previous order.

to Expand the Record"[3] on July 29.  Defendants filed a reply brief on August 12.

For the reasons explained below, the court finds that petitioner is entitled to equitable tolling for the relevant time period, and recommends respondent's motion to dismiss be denied.

**I.   Procedural History**

Petitioner was convicted of two counts of assault on a peace officer with a semiautomatic weapon while personally discharging a firearm, one court of false imprisonment by violence while personally using a firearm, one count of child endangerment, and one count of possession of a controlled substance.  Resp.'s Mot. to Dism., Docs. Lodged in Supp. Thereof ("Lodg. Doc.") 2.  He was sentenced to 44 years 8 months in prison.  *Id.*

On July 16, 2008, the California Court of Appeal, Third Appellate District, affirmed the judgment.  *Id.*  Petitioner's request for review in the California Supreme Court was denied on October 22, 2008.  Lodg. Doc. 4.

On December 27, 2009,[4] petitioner filed a habeas petition in the California Supreme Court, which was denied on July 14, 2010 with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998).  Lodg. Doc. 6.  The instant petition was filed on July 29, 2010.  Dckt. No. 1.

**II.   Statute of Limitations**

A one-year limitations period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C.

---

[3] Expanding the record is only appropriate "[i]f the petition is not dismissed."  Fed. Rule Section 2254 Cases 7.  The court construes petitioner's filing as an attachment to his declaration.

[4] The court deems the filing dates of petitioner's habeas petitions to be the dates on the certificate of service for the petitions.  *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

§ 2244(d)(1).

### A. Statutory Tolling

There is no statutory tolling of the limitations period "from the time a final decision is issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). However, once a petitioner properly files a state post-conviction application the period is tolled, and remains tolled for the entire time that application is "pending." 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). In California, a properly filed post-conviction application is "pending" during the intervals between a lower court decision and filing a new petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). A federal habeas application does not provide a basis for statutory tolling. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

### B. Equitable Tolling

The limitations period may also be equitably tolled where a habeas petitioner establishes two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks & citations omitted).

Petitioner has the burden of showing facts entitling him to statutory and equitable tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002).

### III. Analysis

In this case, the statute of limitations began to run when petitioner's conviction became final on direct review. *See* 28 U.S.C. § 2244(d)(1)(A). The California Supreme Court denied review on October 22, 2008. Lodg. Doc. 4. The conviction became "final" within the meaning

3

of section 2244(d)(1)(A) when the time for filing a petition for writ of certiorari expired ninety days later, on January 20, 2009. Supreme Ct. R. 13; *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). The one-year limitations period commenced running the following day. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, petitioner had until January 21, 2010 to file his federal habeas petition. However, he did not file the instant petition until July 29, 2010. Absent tolling, his application in this court is more than six months late.

### A. Statutory Tolling

Petitioner argues that he is entitled to statutory tolling for the time that his state habeas petition was pending before the California Supreme Court. As noted above, a properly filed state habeas petition tolls the statute of limitations for the entire time that petition is pending. 28 U.S.C. § 2244(d)(2). Here, the California Supreme Court citation to *In re Robbins* indicates that the state court petition was untimely under state law and therefore the petition was not properly filed. *See Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005) (a petition denied as untimely is not properly filed and cannot toll the limitations period); *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007) (a California court's citation to *Robbins*, 18 Cal. 4th at 780, is a "clear ruling" of untimeliness).

Petitioner further argues that his trial was infected by constitutional error of such magnitude that, absent the error, no reasonable judge or jury would have convicted him, and that he is actually innocent of the crime of which he was convicted. Therefore, he argues, the California court misapplied California law in not entertaining his petition on the merits. *See* Dckt. No. 18 at 2 (citing *In re Robbins*, 18 Cal. 4th at 770). But the United States Supreme Court has made it clear that "[w]hen a postconviction [habeas] petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." *White v. Martel*, 601 F.3d 882, 883-84 (9th Cir. 2010) (citing *Pace v. DiGuglielmo*, 544 U.S. at 414). Petitioner is not entitled to statutory tolling of the statute of limitations.

////

### B. Equitable Tolling

Petitioner also argues that he is entitled to equitable tolling of the limitations period. In his initial opposition to respondent's motion to dismiss, petitioner claims that he was delayed in filing his state habeas petition because he was seeking facts to support his ineffective assistance of counsel claims. Petitioner claims that he wrote letters, called, and sought discovery from his trial and appellate counsel, all to no avail. He then filed a motion in the Butte County Superior Court asking for discovery regarding his trial counsel's acts or omissions, as well as a habeas petition in the California Supreme Courts asking for the same relief.[5]

After the court granted petitioner leave to file an additional declaration in support of his request for equitable tolling, petitioner filed a declaration attesting to the following relevant facts. *See* Dckt. No. 21. He declares that he relied upon advice in a habeas practice guide, Kent Russell's "California Habeas Handbook," which stated that his California habeas petition would be considered timely so long as it was filed within the AEDPA statute of limitations. He attaches a page of the guide, which states "Provided that an initial state habeas corpus petition is filed within AEDPA's statute of limitations, it will be entitled to 'statutory tolling' while it is

---

[5] As explained in the court's previous order, it does not appear that the difficulties petitioner had in obtaining evidence regarding his trial counsel's ineffective assistance prevented him from timely filing the instant petition. This is so because the ineffective assistance of counsel claims that are contained in the petition are not based on evidence outside of the trial record. *See* Pet. at 43-73 (raising ineffective assistance of counsel claims based on counsel's failure to cross examine or impeach officers on numerous key issues; counsel's failure to investigate, to consult and use a ballistics expert, and to prepare a defense; counsel's failure to object to improper considerations in determining petitioner's sentence; and appellate counsel's failure to raise ineffective assistance of trial counsel on direct appeal, but providing no evidence from outside of the record regarding counsel's conduct in support of these claims, and stating "counsel provided no explanation for his acts and omissions"). It appears that petitioner was unsuccessful in his efforts to discover why counsel took or did not take certain actions, and that he therefore ultimately wrote his federal petition without the benefit of this information. The court is sympathetic to petitioner's attempts to gather evidence in order to craft stronger arguments. But although petitioner may have been waiting to file his petition until he received additional information to bolster his claims, it was possible for him to file the petition that he eventually *did* file at any time. Petitioner's decision to wait to file his petition while he was seeking additional evidence was, unfortunately, a poor tactical decision, rather than the sort of external circumstance that might entitle him to equitable tolling.

5

pending for decision in the state courts." Dckt. No. 21 at 6.

Petitioner also declares that he lacked adequate access to the law library, which made it impossible for him to timely file his petition. He declares that Centinela Prison law library does not allow any books or other reading materials to leave the law library under any circumstances. *Id.* at 1, 3. He worked on his case in his cell but was limited to working with his trial transcripts. *Id.* He declares that he only has a tenth grade education and has "very extreme difficulty" understanding the law. *Id.* at 2. On many occasions, he attempted to check a book out at the law library, only to be told that someone else was using it, "making that particular day fruitless." *Id.* He spent time reading the wrong books because of his own ignorance or because he was given incorrect advice by the law library inmate clerks. *Id.* at 3. In general, it took 15-20 minutes after getting to the library to get the book or books that he requested. *Id.* The atmosphere at the library was often loud and chaotic, making it hard for petitioner to concentrate on reading. *Id.*

Petitioner requested additional hours at the law library but was denied additional time because he did not have a documented court deadline. *Id.* at 3. He declares that he was "at the law library on every opportunity that he was given during the relevant time period . . . with the exception of 1 day that he refused due to illness." Dckt. No. 22 at 2. He further declares that although the prison's records show that he did not request law library access in the month of July 2009, this is an error because he had just been moved from C yard to D yard, and was indeed sending requests for library access to C yard. *Id.* In addition, C yard was on lockdown for most of June 2009. *Id.* Petitioner attaches an exhibit apparently showing that between December 2008 and December 2009, he was present at the law library on thirty-seven different occasions. Dckt. No. 22 at 7-8. On nine of these occasions, he left early. *Id.*

The petition, with attachments, is 102 pages long and contains nine separate legal claims. *See* Dckt. No. 1. As noted above, one of petitioner's claims is that his appellate lawyer rendered unconstitutionally ineffective assistance and failed to raise meritorious arguments on direct appeal. *Id.* at 7.

6

1    Respondent submits a copy of petitioner's ducat and inmate legal traffic records for the limitations period. Dckt. No. 25 at 4. Although respondent argues that plaintiff's evidence of his law library attendance is "unverified and unauthenticated," the parties agree that petitioner had access to the library on exactly thirty-seven occasions during the year. *Id.* at 4-5.

As explained above, a petitioner is entitled to equitable tolling only if he has been pursuing his rights diligently, and some extraordinary circumstance stood in his way and caused the untimeliness. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The purpose of the equitable tolling doctrine "is to soften the harsh impact of technical rules which might otherwise prevent a good faith litigant from having a day in court." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004). Equitable tolling also serves to "prevent the unjust technical forfeiture of causes of action." *Id.* In analyzing whether a petitioner has met this burden, the court views the facts alleged in the petition and facts supported by petitioner's other documentary submissions in the light most favorable to petitioner. *Porter v. Ollison*, 620 F.3d 952, 956 n.4 (9th Cir. 2010).

The court finds that petitioner is entitled to equitable tolling for the time period that his petition was pending in the California Supreme Court. Petitioner pursued his rights diligently, as evidenced by his sworn statement that he attended every possible law library session during the limitations period, as well as the length of and number of claims in his petition.

As to the extraordinary circumstances requirement of the equitable tolling test, petitioner declares that he relied upon legal advice from Kent Russell's "California Habeas Handbook," which was provided to him at the prison law library. The guide states "Provided that an initial state habeas corpus petition is filed within AEDPA's statute of limitations, it will be entitled to 'statutory tolling' while it is pending for decision in the state courts." Dckt. No. 21 at 6. Petitioner declares: "Because of what petitioner read at the law library he fully and whole heartedly believed that he was within his time constraints by more than 30 days and was therefore entitled to 'statutory tolling.'" Dckt. No. 21 at 2.

////

As explained above, petitioner's request for review in the California Supreme Court was denied on October 22, 2008, and the AEDPA clock began to run 90 days later, on January 20, 2009. Petitioner filed his sole state habeas petition in the California Supreme Court on December 27, 2009. At that time, petitioner still had almost a month left before his AEDPA deadline, and because of what he read in the "California Habeas Handbook," the source of procedural information that was available to him at the prison law library, he believed that he would be entitled to statutory tolling for the time that the petition was pending in the California Supreme Court.

The California Supreme Court denied his habeas petition as untimely with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998). But the court's one-sentence ruling, which appears to be based solely on the filing date of the petition, was not issued until July 14, 2010. The court took nearly seven months to make its untimeliness ruling, at which point the one-year statute of limitations had already expired, rendering petitioner's federal habeas, which he filed less than two weeks later, presumptively untimely.

The Ninth Circuit has granted equitable tolling to petitioners who have relied detrimentally on incorrect statements of the law. *See*, *e.g.*, *United States v. Buckles*, 2011 WL 2150992, *7 (9th Cir. 2011); *Townsend v. Knowles*, 562 F.3d 1200, 1205–06 (9th Cir. 2009), *abrogated on other grounds by Walker v. Martin*, __ U.S. __, 131 S.Ct. 1120 (2011); *Harris v. Carter*, 515 F.3d 1051, 1055–56 (9th Cir. 2008). Petitioner's reliance on the incorrect written legal advice in the Habeas Handbook at the prison law library, coupled with the California Supreme Court's seven-month delay in issuing its one-sentence decision denying his petition as untimely, constitutes extraordinary circumstances beyond petitioner's control that caused his petition to be untimely filed.

Respondent does not rebut petitioner's argument that his reliance on an incorrect statement of law in the Habeas Handbook is grounds for equitable tolling. Respondent does argue that petitioner's reliance on erroneous legal advice from inmate legal assistants "does not

absolve him of his personal duty to assure his petition was filed in a timely manner" because "his reliance on another inmate was voluntary." Dckt. No. 25 at 4. But petitioner, who is proceeding pro se and has only a tenth-grade education, must get legal information from some source in order to prepare his petition. If he may not rely upon the advice of inmate assistants and may not rely on the written materials provided to him by his prison's law library, petitioner is left with little or no information at all.

Petitioner is entitled to equitable tolling for the period that his petition was pending in the California Supreme Court. Because petitioner is entitled to sufficient equitable tolling to render his petition timely filed, the court does not address whether petitioner should be granted equitable tolling based on his other arguments.

**IV.   Conclusion**

For the reasons explained above, it is hereby ORDERED that the Clerk is directed to terminate docket entry 22.

Further, it is hereby RECOMMENDED that respondent's October 29, 2010 motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 1, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE