UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY LYNN WARREN,<br><br>    Petitioner,<br><br>  v.<br><br>DOMINGO URIBE, JR.,<br><br>    Respondent. | No.  2:10-cv-2120-MCE-EFB P<br><br><br><br>ORDER |

Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  On May 30, 2013, this court issued an order and findings and recommendations which, *inter alia*, denied petitioner's September 29, 2012 motions for discovery and for interrogatories, granted petitioner's February 21, 2013 motion for clarification and November 29, 2012 motion to expand the record, and recommended that petitioner's habeas petition be denied.  Petitioner filed objections to the findings and recommendations on June 21, 2013.  On July 17, 2013, petitioner filed a document styled "motion for discovery," which is now before the court.

In his July 17, 2013 "motion for discovery," petitioner repeats his request for two items of discovery that he requested in his September 29, 2012 motion for discovery.  He first requests photographs of the back of his legs taken at the Enloe Hospital while he was being treated for his injuries, and photographs taken at the time of trial by an investigator for the District Attorney.

1

1  ECF No. 58 at 2.  Petitioner asserts that these photographs will show that he was shot from
2  behind by police officers, which would in turn support his defense that he shot the officers in self-
3  defense and that the officers committed perjury at his trial when they described the relevant series
4  of events.

5  Petitioner also requests "all radio traffic the police agencies used in regards to the 9-1-1-
6  call up until Petitioner's arrest." *Id*. at 3.  Petitioner explains, as he did in his previous discovery
7  motion, that this information will demonstrate that the officers lacked exigent circumstances to
8  enter his home and that Officers Durkin and Nowicki committed perjury during their trial
9  testimony.  *Id.*  Petitioner argues, generally, that the requested discovery will demonstrate that he
10 was the victim of assault by police officers who unlawfully entered his residence and that the
11 police, the prosecutor, and petitioner's trial counsel all engaged in a cover up of the police
12 officers' actions.  *Id.* at 5.

13 Petitioner's "motion for discovery" is, in essence, a motion for reconsideration of this
14 court's May 30, 2013 order denying petitioner's previous discovery motion.  Local Rule 303(b),
15 states "rulings by Magistrate Judges . . . shall be final if no reconsideration thereof is sought from
16 the Court within fourteen days . . . from the date of service of the ruling on the parties."  *Id.*
17 Plaintiff's request for reconsideration of the May 30, 2013 order was filed more than fourteen
18 days from the date of service of that order and is therefore untimely.

19 Even if petitioner's request is construed as another discovery motion, it lacks merit and
20 must be denied.  A habeas petitioner is not entitled to discovery as a matter of course, but only
21 upon a fact-specific showing of good cause and in the court's exercise of discretion.  Rule 6(a),
22 Rules Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394
23 U.S. 286 (1969); *Rich v. Calderon*, 187 F.3d 1064, 1068 (9th Cir. 1999) (discovery is available
24 "only in the discretion of the court and for good cause"); *Jones v. Wood*, 114 F.3d 1002, 1009
25 (9th Cir. 1997).  The burden of demonstrating the materiality of the information requested is on
26 the moving party.  *Stanford v. Parker*, 266 F.3d 442, 461 (6th Cir. 2001) (citing *Murphy v.*
27 *Johnson*, 205 F.3d 809, 813–15 (5th Cir. 2000)).  "Bald assertions and conclusory allegations do
28 not provide sufficient ground to warrant requiring the state to respond to discovery or require an

1  evidentiary hearing." *Parker*, 266 F.3d at 460.  Good cause exists "where specific allegations

2  before the court show reason to believe that the petitioner may, if the facts are fully developed, be

3  able to demonstrate that he is entitled to relief.  *Bracy*, 520 U.S. at 908–09.

4      For the reasons set forth in this court's May 30, 2013 order, petitioner has failed to

5  demonstrate good cause for the discovery that he seeks.  Petitioner's July 17, 2013 motion adds

6  no significant arguments to those set forth in petitioner's previous discovery motion requesting

7  the same information, nor does it include significant new or different facts or circumstances

8  which were not included in the prior motion.  Petitioner has also failed to demonstrate that the

9  requested discovery would entitle him to federal habeas relief on any of the claims contained in

10  his habeas petition.

11      Accordingly, IT IS ORDERED that petitioner's May 30, 2013 "motion for discovery"

12  (ECF No. 58) is denied.

13  DATED:  August 5, 2013.

                                        EDMUND F. BRENNAN
                                        UNITED STATES MAGISTRATE JUDGE