UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNY LYNN WARREN, | No. 2:10-cv-2120-MCE-EFB P |
| Petitioner, | |
| v. | ORDER |
| DOMINGO URIBE, JR., | |
| Respondent. | |

On August 26, 2013, judgment was entered in this action denying petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the case was closed.[1] ECF Nos. 62, 63. Subsequently, petitioner filed a motion for reconsideration of a previous order denying a discovery request, and a request for judicial notice of the nature of petitioner's gunshot wounds. ECF Nos. 64, 65. By an order dated September 25, 2013, informed petitioner that all documents filed after the closing date of this action would be disregarded and no orders would issue in response to future filings. ECF No. 66.

On September 27, 2013, petitioner filed a notice of appeal of the August 26, 2013 judgment. He also filed a motion for certificate of appealability and a motion to proceed in forma pauperis on appeal. This court denied petitioner's motions by order dated October 8, 2013. ECF

---

[1] Petitioner is a state prisoner proceeding without counsel.

1

No. 71. On May 30, 2014, the U.S. Court of Appeals for the Ninth Circuit denied petitioner's request for a certificate of appealability and denied all other pending motions as moot.

On August 28, 2014, petitioner filed a document entitled "motion: under Rule 60(b)(3) fraud upon the court." ECF No. 75. An order dated September 5, 2014, again informed petitioner that documents filed after the closing date of this action would be disregarded. ECF No. 76. Petitioner filed an appeal of the September 5, 2014 order. That order was vacated by the Ninth Circuit, which construed petitioner's motion as a timely request for relief pursuant to Fed. R. Civ. P. 60(b) and remanded the matter for further proceedings.[2] ECF No. 81. On March 5, 2015, this court directed respondent to file a response to petitioner's Rule 60(b)(3) motion. That response has been filed (ECF No. 87) and petitioner has filed a reply.[3]

On May 12, 2015, petitioner filed a document entitled "Motion and Declaration in Support to Recuse Magistrate Judge for Bias and Prejudice." Therein, petitioner requests recusal of the undersigned because of rulings the undersigned has made in this action, and particularly the September 5, 2014 order disregarding his motion for fraud upon the court.

Title 28 U.S.C. § 455 requires recusal if the judge's alleged bias or prejudice "stems from an extrajudicial source and not from conduct or rulings made during the course of the proceedings." *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1388 (9th Cir. 1988). "A judge's previous adverse ruling alone is not sufficient bias." *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir. 1984). Because petitioner's request for recusal is based on his disagreement with rulings made during the course of these proceedings in this court, and not from any extrajudicial source, petitioner's request for recusal is denied.[4]

---

[2] The order of remand noted that referral of a Rule 60(b)(3) motion for disposition must proceed by way of findings and a recommendation absent consent of the parties. Although petitioner has consented to proceed before a magistrate judge, ECF No. 4, the respondent has not, ECF No. 9.

[3] Petitioner further filed a request to amend his Rule 60(b)(3) motion to also include requests for relief under Rules 60(b)(4) and (6). ECF No. 86. That filing will be address in the ruling on the merits of the Rule 60(b)(3) motion.

[4] Petitioner's motion also alleges bias and prejudice. The undersigned does not know petitioner and does not harbor any bias or prejudice against him.

1         Accordingly, IT IS HEREBY ORDERED that petitioner's motion for recusal (ECF No. 89) is denied.

DATED: July 2, 2015.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE